**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**TREVA CLARK FRY,**

    *Plaintiffs*,

v.                                                                                                                              Case No. SA-24-CV-1288-JKP-ESC

**SAN ANTONIO MOB**
**SANTA ROSA, LLC, et al.,**

    *Defendants*.

## ORDER ADDRESSING MOTIONS

Before the Court are multiple, interrelated filings: (1) a Motion to Dismiss (ECF No. 14) filed by Defendant Christus Health ("Christus") pursuant to Fed. R. Civ. P. 12(b)(6); (2) a Motion for Leave to Amend Complaint (ECF No. 19); (3) Plaintiff's Fourth Amended Complaint (ECF No. 20); (4) Plaintiff's Opposed Motion for Continuance of Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 21); (5) Plaintiff's Response to Motion to Dismiss (ECF No. 22); (6) Defendant's Reply in Support of its Motion to Dismiss (ECF No. 23); and (7) Plaintiff's Unopposed Motion for Leave to Amend Complaint (ECF No. 34). Other than the motion to dismiss, these motions have been referred to the Magistrate Judge for disposition. *See* ECF No. 3. But given the interrelationships between the referred motions and the motion to dismiss, the Court hereby withdraws the reference to these motions and issues this order.

Christus asserts its motion to dismiss against Plaintiff's Third Amended Petition filed in state court prior to removal. *See* ECF No. 14 at 1 n.1. It argues that Plaintiff's allegations and claims all relate to a denial of benefits under an insurance plan governed by the Employee Retirement Income Security Act ("ERISA") and ERISA therefore completely preempts the claims. *See id*. at 5. It urges dismissal of the preempted claims. *Id*. at 7.

In response to the motion to dismiss, Plaintiff made the next four listed filings. Through the responsive motion to amend (ECF No. 19), she sought leave to file her Fourth Amended Complaint as her live pleading. She also filed that amended complaint without leave of Court. *See* ECF No. 20. Additionally, she filed the opposed motion to continue the motion to dismiss so that she could pursue discovery on the ERISA assertions of Christus. *See* ECF No. 21. Finally, she filed a formal response to the motion to dismiss in which she disputes the existence of an ERISA plan and urges the Court to deny the motion to dismiss. *See* ECF No. 22.

In reply, Christus argues that Plaintiff does not address the substance of ERISA preemption and concedes that preemption "does not mean that Plaintiff is without a cause of action; she just needs to lodge the correct cause of action." ECF No. 23 at 1. It then states: "The only cause of action that could exist is one under ERISA. The Court should dismiss Plaintiff's complaint." *Id*.

Neither party addresses the impact that the Fourth Amended Complaint might have on the motion to dismiss. And now, Plaintiff has filed an unopposed motion to file a Fifth Amended Complaint. *See* ECF No. 34. While this proposed amendment primarily seeks to include a claim against third-party Defendant LAZ Parking Texas, LLC, the amendment, like the Fourth Amended Complaint, includes a claim against Christus under ERISA.

Given these filings, the Court **GRANTS** Plaintiff's Unopposed Motion for Leave to Amend Complaint (ECF No. 34). **The Clerk of Court shall file the Fifth Amended Complaint that Plaintiff attaches to that motion.** *See* ECF No. 34-1. That complaint is now the operative pleading of Plaintiff. This amendment renders **MOOT** the other three motions (ECF Nos. 14, 19, and 21).

While the Court finds the instant motion to dismiss moot, it emphasizes for the benefit of all parties that there is clear distinction "between the concepts of 'ordinary' and 'complete' preemption," which creates confusion between "the jurisdictional doctrine of complete preemption

. . . and the federal defense of preemption." *McClelland v. Gronwaldt*, 155 F.3d 507, 516 & n.22 (5th Cir. 1998) (citation and internal quotation marks omitted), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (en banc). As this Court has noted, "complete preemption is inapplicable in a case where federal question jurisdiction is not in dispute." *See Marco Z. v. UnitedHealthcare Ins. Co.*, No. SA-20-CV-00351-JKP, 2020 WL 6492921, at *4 (W.D. Tex. Nov. 4, 2020) (citing inter alia *Haynes v. Prudential Health Care*, 313 F.3d 330, 334 (5th Cir. 2002)). And at this point, no one has disputed subject matter jurisdiction.

"Federal preemption is an affirmative defense that a defendant must plead and prove." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 473 (5th Cir. 2013) (quoting *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012)). Nevertheless, the Fifth Circuit permits defendants to raise an affirmative defense "by motion to dismiss provided that the complaint shows affirmatively that a claim is barred by the affirmative defense." *Parra v. Mountain States Life Ins. Co. of Am.*, 52 F.3d 1066, 1995 WL 241730, at *2 (5th Cir. Apr. 3, 1995) (unpub. decision citing *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958)); *accord Simmons*, 732 F.3d at 473 ("If the complaint establishes the applicability of a federal preemption defense, it can properly be the subject of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss."). Stated differently, an asserted defense may support dismissal under Rule 12(b)(6) when the operative pleading conclusively establishes the defense because all relevant facts are within the record and are uncontroverted, admitted, or otherwise conclusively established. *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661 (5th Cir. 2025) (per curiam) (addressing res judicata defense); *C.M. v. United States*, 672 F. Supp. 3d 288, 354 (W.D. Tex. 2023).

In the instant context, "[d]etermining whether the plaintiff's state law causes of action are barred by ERISA preemption is a several step process." *Parra*, 1995 WL 241730, at *2 (citing *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990) ("Determining

3

whether ERISA preemption is applicable is a several step process."). Moreover, "[w]hether a particular set of insurance arrangements constitutes an employee welfare benefit plan is a question of fact." *Id*. (citations and internal quotation marks omitted). Consequently, the federal defense of preemption is often not well-suited to obtain dismissal under Rule 12(b)(6). And courts may err when "concluding that on the face of the pleadings ERISA covers the insurance plan." *Id*. at *4. Like the plaintiff in *Parra*, Plaintiff here has sought and obtained leave of Court to amend her complaint "to plead, in the alternative to her state law causes of action, a cause of action under ERISA." *See id*. at *1. Parties may assert inconsistent claims through alternative pleadings. *Id*. at *4.

While the motion to dismiss of Christus challenges a pleading that does not include the alternative ERISA claim, the addition of such claim is important to whether the motion to dismiss is moot. Additionally, Christus cites cases that address its preemption defense at summary judgment. Moreover, "[w]hen the applicability of an affirmative defense is unclear at a preliminary motion to dismiss stage, the proper course is to deny the motion to allow clarity to later emerge." *SC Shine PLLC v. Aetna Dental, Inc.*, No. SA-22-CV-0834-JKP, 2023 WL 4216989, at *9 (W.D. Tex. June 26, 2023). For these reasons, the preemption issue is best suited for summary judgment.

**SIGNED this 4th day of June 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**